IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANNETTE RODRIGUEZ, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. |
| CITY OF CORPUS CHRISTI, PAULETTE GUAJARDO, PETER ZANONI, STEVEN VIERA, AND EYVON MCHANEY, | § § § § § § | (JURY TRIAL DEMANDED) |
| Defendants. | § § | |

## **PLAINTIFF, ANNETTE RODRIGUEZ'S ORIGINAL COMPLAINT**

## **COMPLAINT IN CIVIL ACTION**

Plaintiff, Annette Rodriguez, by and through her undersigned counsel, files this Complaint against the City of Corpus Christi, Paulette Guajardo, Peter Zanoni, Steven Viera, and Eyvon McHaney (hereinafter referred to collectively as "Defendants"), and in support thereof states as follows:

## **PARTIES**

1. Plaintiff, Annette Rodriguez ("Plaintiff" or "Ms. Rodriguez"), is a current employee of the City of Corpus Christi and is an adult individual residing at 13901 River Rock Drive, Corpus Christi, Texas 78410.

2. Defendant, City of Corpus Christi ("City"), is a governmental entity and a subdivision of the State of Texas, an "employer" within the meaning of 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. § 203(r), and a "public agency" within the meaning of 29 U.S.C. §

203(x) and employs Ms. Rodriguez. The City may be served through its agent, Mayor Paulette Guajardo, at 1201 Leopard Street, Corpus Christi, Texas 78401.

3. Defendant, Paulette Guajardo ("Ms. Guajardo" or "Mayor"), in her official capacity as Mayor of the City, may be served with service of process at 1201 Leopard Street, Corpus Christi, Texas 78401.

4. Defendant, Peter Zanoni ("Mr. Zanoni"), in his official capacity as City Manager for the City, may be served with service of process at 1201 Leopard Street, Corpus Christi, Texas 78401.

5. Defendant, Steven Viera ("Mr. Viera"), in his official capacity as Assistant City Manager for the City, may be served with service of process at 1201 Leopard Street, Corpus Christi, Texas 78401.

6. Defendant, Eyvon McHaney ("Ms. McHaney"), in her official capacity as Director of Human Resources for the City, may be served with service of process at 1201 Leopard Street, 2nd Floor, Corpus Christi, Texas 78401.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the causes of action related to the Fair Labor Standards Act ("FLSA") and the Equal Pay Act ("EPA") are federal questions.[1] At all times pertinent to this Complaint, Defendants were an "employer" within the

---

[1] Ms. Rodriguez has a complaint pending before the Equal Employment Opportunity Commission ("EEOC"), which addresses the sex, age, and disability discrimination she faced and complained of while working for the City. One (1) example of this behavior occurred on or about January 2020, when Mr. Zanoni, with the approval of the City, invited all the Directors and Assistant Directors to attend a retreat. The retreat featured a presenter who was approved by Mr. Zanoni, and who showed inappropriate materials, and made unprofessional and lewd comments during the presentation. Specifically, the presenter displayed a slide that showed a naked woman with a doctor laying on the woman's chest. The presenter stated that the slide showed why doctors were not excited about the invention of the stethoscope because they enjoyed laying on naked women's chests. Instead of stopping the presentation there, Mr. Zanoni (and other men in the room) laughed, ratifying the speaker's outrageous, unprofessional, and inappropriate behavior. The women in the room, including Ms. Rodriguez, felt beyond uncomfortable and extremely embarrassed.

meaning of 29 U.S.C. § 203(d), an "enterprise" under 29 U.S.C. § 203(r), and a "public agency" within the meaning of 29 U.S.C. § 203(x). Finally, there is pendent jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's Defamation and Civil Conspiracy claims because they are so related to the federal question claims that they constitute the same case or controversy. In fact, in many instances, these state law claims form part of the federal retaliation claims.

8. This action arises under the laws of the state of Texas, as Defendants intended their misconduct, and the conduct they encouraged, to adversely affect a resident of Texas, making Texas law applicable. This action arises under the laws of the state of Texas because the events that form the bases of this suit occurred in Texas.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because the Defendants, in their official capacities, reside in this district and in this state. Venue is also proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Corpus Christi, making venue proper in the Corpus Christi Division of the Southern District of Texas. *See* 28 U.S.C. § 1391(b).

## **FACTUAL BACKGROUND**

10. Ms. Rodriguez began working for the Corpus Christi Public Health District on or about 2002, and later that same year she was appointed Interim Director of Public Health. Ms. Rodriguez remained Interim Director, until January 2010, when the City officially promoted her to Director of Public Health. At all relevant times, Ms. Rodriguez has been employed by the City.

11. Sometime after Mr. Zanoni became City Manager in May 2019, Ms. Rodriguez complained about her pay and, since that time, has diligently tried to resolve these concerns.

---

Ms. Rodriguez does not specifically address those claims herein because the EEOC has not issued a Right to Sue Letter as of the date of this filing.

3

However, Ms. Rodriguez's efforts have been to no avail, as Defendants have not only refused to pay Ms. Rodriguez the wages to which she is entitled under the FLSA and the EPA, they have also retaliated against her, jointly and individually, for voicing these concerns.

12. On May 7, 2020, a "24 hours a day, 7 days a week" schedule was initiated, necessitated by the public health emergency declared by the Mayor on March 13, 2020 related to COVID-19. Because of the "24 hours a day, 7 days a week" schedule, on April 16, 2020, Mr. Zanoni signed a Memorandum, effective March 20, 2020, which approved all City public health employees, "up to and including the director," to be paid on an hourly rather than salary basis, as non-exempt employees. As of this lawsuit, these policies have not been rescinded and remain in force.

13. Ms. Rodriguez is an employee of the City who is classified as non-exempt from overtime, per the Memorandum discussed above, which has not been rescinded in writing to Ms. Rodriguez, and as such, has incurred some overtime during the period in question due to COVID-19. This has resulted in overtime pay obligations for the City and it has refused to pay Ms. Rodriguez that to which she is rightfully entitled under the FLSA. Defendant's continuing failure to properly compensate Ms. Rodriguez is not in good faith and is a willful violation of the FLSA as it applies to Ms. Rodriguez.

14. Additionally, Mr. Zanoni tasked the former Assistant Director of Human Resources, Rosa Medina ("Ms. Medina"), with gathering market studies that Mr. Zanoni would use when making salary decisions. Mr. Zanoni stated he was going to give raises such that everyone's salary would be between ninety to ninety-five percent (90 – 95%) of the market average. However, despite Ms. Medina's research, Mr. Zanoni arbitrarily determined whether the salary for each position should be higher or lower than the market average. Neither years of

experience nor performance were taken into consideration, although it is apparent the sex or age of each employee played a significant role. Ms. Rodriguez was given a three percent (3%) salary increase—the third lowest percentage increase given—bringing it up to seventy-nine percent (79%) of market average. Only four (4) out of forty (40) employees had a lower percentage of the market average salaries than Ms. Rodriguez, two (2) of whom are women. Of the two (2) men who received a lower percentage of the market average salaries, one (1), Rudy Betancourt, is no longer a City employee and has a separate action pending against the City. Further, Dante Gonzalez, Ms. Rodriguez's Assistant Director, had his salary increased to ninety percent (90%) of the market average, despite having very little public health experience; Mr. Gonzalez's pay increase was a thirteen percent (13%) increase after only being employed in that position by the City for a few months. During that time, four (4) out of twenty-eight (28) Assistant Directors made more as Assistant Directors than Ms. Rodriguez did as a Director. Three (3) of those four (4) Assistant Directors were men who were close friends of Mr. Zanoni. Unfortunately, when Ms. Rodriguez inquired how salaries were determined, Mr. Zanoni yelled at her, stating she was unappreciative, but he was unable to articulate a non-discriminatory reason or calculation for how salaries were determined.

15. The retaliation Ms. Rodriguez experienced after discussing the matters above with Mr. Zanoni only exacerbated the existing issues and can only be described as defamation and obvious mistreatment, which is inappropriate under the FLSA and the EPA.

16. Specifically, Mr. Zanoni, Ms. Guajardo, and the City voted to withdraw from the Corpus Christi-Nueces County Public Health District, purportedly to avoid lawsuits involving Health District employees and provide services at a lower cost. As a result, Defendants have stated they will be creating a City Health Department and, as such, the City will no longer fund the Health

District Director position. The apparent reasons expressed for this withdrawal, which are dubious both legally and factually, are that Ms. Rodriguez is already paid too much, that the sum she is seeking to remedy past discrimination and pay issues is over a million dollars, and that Mr. Zanoni can achieve an accredited health program more cheaply. There is no allegation that Ms. Rodriguez has not done her job in a superlative manner during the pandemic, and all the accolades and performance appraisals she has received demonstrate exceptional performance. Despite this, Defendants have gone along with Mr. Zanoni's charade, have been nonresponsive to Ms. Rodriguez's multiple written attempts to rectify the situation, and have unilaterally decided that Ms. Rodriguez would work for Nueces County (rather than serving both the City and Nueces County) after the City's withdrawal from their agreement with Nueces County to operate the Public Health District. However, when asked, the County Judge for Nueces County had no idea about this decision, which has caused great confusion and left much uncertainty surrounding Ms. Rodriguez's position and future. Defendants' unilateral decision seeks to pull the City's funding from the Health District (which served both the City and Nueces County), but not the City's Director of Public Health position (Ms. Rodriguez's current position), and Defendants are requiring her to re-apply for the position she currently holds and has held for almost twenty (20) years.

17. Additionally, Defendants and/or other City employees have been speaking with the press, making defamatory statements regarding Ms. Rodriguez, and alleging that her salary is greater than what her employment records will show. Specifically, Defendants and/or other City employees alleged that Ms. Rodriguez earned more than Dr. Anthony Fauci, the Chief Medical Advisor to the President and Director of the National Institute of Allergy and Infectious Diseases ("NIAID"). Defendants and/or other City employees alleged that Ms. Rodriguez made more than

six hundred thousand dollars ($600,000.00), which is not accurate.

18. The foregoing defamatory statements are false, and Defendants acted with malice when they made them because they certainly had no reasonable basis to believe these statements were true since they have access to Ms. Rodriguez's employment records. In fact, Defendants made these untrue statements to create a pretext for their withdrawal from the Corpus Christi-Nueces County Health District and, as a result, essentially firing Ms. Rodriguez from her current position with the City.

19. To give Defendants the benefit of doubt as to malice, on November 11, 2021, undersigned counsel sent an e-mail to Miles Risley ("Mr. Risley"), City Attorney, identifying the defamatory statements and asking Mr. Risley to have Defendants correct the defamatory news articles. Mr. Risley did not respond, the defamatory news articles have not been retracted or corrected, and in some cases have been repeated after advice to Defendants that they were incorrect. This lawsuit followed.

## COUNT I – VIOLATIONS OF THE FLSA

20. Ms. Rodriguez realleges and incorporates by reference the allegations of Paragraphs 1 through 18 above as if fully set forth herein. Based on the foregoing, Defendants violated FLSA by failing to properly compensate Ms. Rodriguez for work performed in the employ of the Defendants.

21. Since April 16, 2020, Ms. Rodriguez has been entitled to the rights, protections, and benefits provided under the FLSA for non-exempt employees because applicable policies require that she be paid on an hourly basis, rather than a salary basis, which requires overtime to be paid. 29 U.S.C. § 201, *et seq.* Since April 16, 2020, Ms. Rodriguez has worked in excess of forty (40) hours per week, and thus is entitled to overtime compensation at a rate of one and one-

half times her regular rate of pay for each additional hour or fraction thereof worked. 29 U.S.C. § 207.

22. Defendants have not paid a substantial amount of Ms. Rodriguez's overtime pay and have not made a good-faith effort to comply with the overtime provisions within the FLSA, and the refusal to pay was knowing, willful, intentional, unreasonable, arbitrary, and in bad faith.

23. Ms. Rodriguez has suffered damages as a direct result of Defendants' illegal actions. Defendants are liable to Ms. Rodriguez for unpaid overtime wages, liquidated damages, pre-judgment interest, attorneys' fees, and costs of Court as provided by the FLSA for all violations that occurred within the three (3) years prior to the filing of this suit.

24. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

## **COUNT II – UNLAWFUL RETALIATION IN VIOLATION OF THE FLSA**

25. Ms. Rodriguez realleges and incorporates by reference the allegations of Paragraphs 1 through 23 above as if fully set forth herein.

26. The FLSA prohibits retaliation against an employee because she has "filed a complaint or instituted or caused to be instituted any proceeding under or related to" the rights contained in the FLSA. 29 U.S.C. § 215(a)(3).

27. Since Ms. Rodriguez made a demand for the wages to which she is rightfully entitled, Defendants have retaliated against Ms. Rodriguez in violation of FLSA by unilaterally deciding to withdraw from the Public Health District, making defamatory and adverse comments in the press and otherwise, and single-handedly deciding how the transition will occur in a dubious manner, essentially dispensing with Ms. Rodriguez's position and requiring her to apply for a

position she has held for almost twenty (20) years.

28. Ms. Rodriguez has suffered damages as a direct result of Defendants' illegal and retaliatory actions. Defendants are liable to Ms. Rodriguez for lost wages, liquidated damages, damages for emotional distress, exemplary damages, attorneys' fees, and costs of Court under FLSA.

## COUNT III – VIOLATIONS OF THE EQUAL PAY ACT

29. Ms. Rodriguez realleges and incorporates by reference the allegations of Paragraphs 1 through 27 above as if fully set forth herein.

30. Ms. Rodriguez's position as Director of Public Health requires a great deal of skill, effort, and responsibility. However, Ms. Rodriguez continues to be paid less than other Assistant Directors and Directors—some of whom are male and younger, with less responsibilities, less experience, or perform similar work as her. Additionally, Ms. Rodriguez has not been given raises at the same rate as her counterparts who are male and younger.

31. The wage difference between male and female employees is not due to seniority, merit, the quantity or quality of production, or a bona fide factor other than sex—such as education, training, or experience—but is due to gender. In the alternative, to the extent that Defendants relied upon a bona fide factor other than sex, said factor was based on or derived from a sex-based differential in compensation, was not job-related with respect to the position in question, or was not consistent with a business necessity.

32. The foregoing conduct constitutes a willful violation of the EPA. 29 U.S.C. § 206(d).

## COUNT IV – RETALIATION IN VIOLATION OF THE EQUAL PAY ACT

33. Ms. Rodriguez realleges and incorporates by reference the allegations of

Paragraphs 1 through 31 above as if fully set forth herein.

34. Under the EPA, Defendants are legally prohibited from retaliating against employees who take action against discriminatory practices in the workplace. 29 U.S.C. § 215(a)(3).

35. Since Ms. Rodriguez made a demand for the wages to which she is rightfully entitled, Defendants have retaliated against Ms. Rodriguez in violation of the EPA by essentially dispensing with her position, publicly and erroneously espousing that her job can be done more cheaply, advertising for her job, and requiring her to apply for a position she has held and honorably served in for almost two (2) decades.

**36.** Thus, Ms. Rodriguez has suffered damages as a direct result of Defendants' illegal and retaliatory actions.

## COUNT V – DEFAMATION

37. Ms. Rodriguez realleges and incorporates by reference the allegations of Paragraphs 1 through 35 above as if fully set forth herein.

38. To establish a defamation cause of action, a plaintiff must prove that the defendant: (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or with negligence, if the plaintiff was a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998).

39. In this case, the statements identified in Paragraphs 15-16, above, were all allegations made to the press, the public, or in City Council sessions by Defendants. Further, Defendants either knew all of these statements were false or made them with reckless disregard for whether they were false.

40. Finally, even if Ms. Rodriguez is a public figure, which is not conceded in this

circumstance, Defendants acted with actual malice, which is supported by the context of the statements themselves, the refusal to correct them after notice, and the history between the parties.

41. In "cases involving defamation per se, damages are presumed to flow from the nature of the defamation itself and, in most situations, a plaintiff injured by a defamatory per se communication is entitled to recover general damages without specific proof of the existence of harm." *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 689–90 (Tex. App.—Hou. [1st Dist.] 2013, pet. denied). The law presumes certain categories of statements are defamatory per se, including statements that (1) unambiguously charge a crime, dishonesty, fraud, rascality, or general depravity or (2) are falsehoods that injure one in her office, business, profession, or occupation. *Id*. at 690. "Remarks that adversely reflect on a person's fitness to conduct his or her business or trade are also deemed defamatory per se." *In re Lipsky*, 460 S.W.3d 579, 596 (Tex. 2015).

42. The published statements in Paragraphs 15-16, above, qualify as defamatory per se because they are untrue and unambiguously allege that Ms. Rodriguez is dishonest and has lied about her salary and earnings. They also wrongly suggest that Ms. Rodriguez and the staff she leads are not worth their pay during the pandemic and have targeted Ms. Rodriguez for elimination and exposed her to public ridicule. Defendants have done this with malice and for personal political gain. These defamatory statements have injured her position and occupation as Director of Public Health.

43. Ms. Rodriguez is thus entitled to recover nominal damages, general damages, special damages, and/or exemplary damages.

## COUNT VI – CIVIL CONSPIRACY

44. Ms. Rodriguez realleges and incorporates by reference the allegations of

Paragraphs 1 through 42 above as if fully set forth herein.

45. Defendants, on information and belief, acted with others at present known and unknown to accomplish the defamation and public discreditation of Ms. Rodriguez in retaliation of Ms. Rodriguez's complaints regarding improper pay and impending litigation. Defendants had a meeting of the minds with others on the object or course of action and committed one (1) or more of the unlawful, overt acts detailed above in the facts and causes of action.

46. Defendants are jointly and severally liable with others for any injuries suffered by Ms. Rodriguez.

## **PRAYER**

47. WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that the Court issue a citation for Defendant to appear and answer, and that Plaintiff be awarded a judgment against Defendant for the following:

   a. A declaratory judgment declaring Defendants willfully, unreasonably, wrongfully, and without good faith, violated their statutory and legal obligations, and deprived Plaintiff of her rights, protections, and entitlements under federal law, as alleged herein;

   b. An order for a complete and accurate accounting of all the compensation to which Plaintiff is entitled both under the EPA and the FLSA;

   c. Liquidated damages equal to her unpaid compensation;

   d. All costs and attorneys' fees incurred in prosecuting these claims;

   e. Pre- and post-judgment interest;

   f. General damages;

   g. Special damages;

h. Nominal damages;

i. Exemplary damages;

j. Costs of court; and

k. Such further relief, both general and special, at law or equity, to which Plaintiff may show herself to be justly entitled.

    Respectfully,

Bryant S. Banes
Federal ID No. 31149
State Bar No. 24035950
Sarah P. Harris
Federal ID No. 3421904
State Bar No. 24113667
NEEL, HOOPER & BANES, P.C.
1800 West Loop South, Suite 1750
Houston, Texas 77027
(713) 629-1800
(713) 629-1812 (Fax)
E-mail:  bbanes@nhblaw.com
        sharris@nhblaw.com

**ATTORNEYS FOR PLAINTIFF, ANNETTE RODRIGUEZ**