United States District Court
Southern District of Texas
**ENTERED**
September 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANNETTE RODRIGUEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:21-CV-00297 |
| | § | |
| CITY OF CORPUS CHRISTI, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the August 7, 2023 Memorandum and Recommendation ("M&R") prepared by Magistrate Judge Julie K. Hampton. (Dkt. No. 117). Judge Hampton made findings and conclusions and recommended that: (1) Plaintiff, Annette Rodriguez's Motion for Summary Judgment, (Dkt. No. 81), be denied; (2) Defendant's Motion for Summary Judgment, (Dkt. No. 82), be granted; (3) Plaintiff, Annette Rodriguez's Motion to Strike the Declaration of Steven Viera, (Dkt. No. 88), be denied; (4) Plaintiff, Annette Rodriguez's Motion to Strike the Declaration of Marie Odette Cruz, (Dkt. No. 101), be denied as moot; (5) Plaintiff, Annette Rodriguez's Motion to Strike the Declaration of Peter Zanoni, (Dkt. No. 102), be denied as moot; (6) Defendant's Motion to Exclude Expert Testimony of Luis Wilmot, (Dkt. No. 83), be denied as moot; and (7) Defendant's Motion to Exclude Expert Testimony of Patty Jahn, (Dkt. No. 84), be denied as moot. (*See* Dkt. No. 117).

The Parties were provided proper notice and the opportunity to object to the M&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). On August 21, 2023, Rodriguez filed

objections. (Dkt. No. 118). First, Rodriguez argues that Judge Hampton erred in denying her three motions to strike, and had these motions been granted she would be entitled to summary judgment. (*Id.* at 5–9). Second, Rodriguez argues that Judge Hampton erroneously treated factual aspects of her claim as if they stood alone, instead of considering them all together. (*Id.* at 9). Third, Rodriguez argues that Judge Hampton misinterpreted FLSA pay statutes and didn't address applicable caselaw. (*Id.* at 9–10). Fourth, Rodriguez argues that Judge Hampton ignored Judge Canales' affidavit which raises relevant facts. (*Id.* at 14–15). Fifth, Rodriguez argues that Judge Hampton failed to consider certain relevant governing statutes. (*Id.* at 15–18). Rodriguez also raises objections to Judge Hampton's conclusions on her claims. (*Id.* at 9–14).

On August 21, 2023, the City of Corpus Christi also filed objections. (Dkt. No. 119). The City does not object to Magistrate Judge Hampton's ruling granting its summary judgment motion, but wishes to preserve the matters raised and the relief sought in its Motions to Exclude, (Dkt. Nos. 83, 84), which Magistrate Judge Hampton denied as moot. (Dkt. No. 117 at 72). Additionally, on August 22, 2023, Rodriguez filed a notice of supplemental authority, drawing this Court's attention to the Fifth Circuit's decision in *Hamilton v. Dallas County*, ____ F.4th ____, No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023).

In accordance with 28 U.S.C. § 636(b)(1)(C), the Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in

2

part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The Court has carefully considered de novo those portions of the M&R to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error. Finding no error, the Court accepts the M&R and adopts it as the opinion of the Court. It is therefore ordered that:

(1) Magistrate Judge Hampton's M&R, (Dkt. No. 117), is **ACCEPTED** and **ADOPTED** as the holding of the Court;[1]

(2) Plaintiff, Annette Rodriguez's Motion for Summary Judgment, (Dkt. No. 81), is **DENIED**;

(3) Defendant's Motion for Summary Judgment, (Dkt. No. 82), is **GRANTED**;

(4) Plaintiff, Annette Rodriguez's Motion to Strike the Declaration of Steven Viera, (Dkt. No. 88), is **DENIED**;

(5) Plaintiff, Annette Rodriguez's Motion to Strike the Declaration of Marie Odette Cruz, (Dkt. No. 101), is **DENIED AS MOOT**;

(6) Plaintiff, Annette Rodriguez's Motion to Strike the Declaration of Peter Zanoni, (Dkt. No. 102), is **DENIED AS MOOT**;

(7) Defendant's Motion to Exclude Expert Testimony of Luis Wilmot, (Dkt. No. 83), is **DENIED AS MOOT**; and

(8) Defendant's Motion to Exclude Expert Testimony of Patty Jahn, (Dkt. No. 84), is **DENIED AS MOOT**.

It is SO ORDERED.

---

[1] In light of the Fifth Circuit's decision in *Hamilton v. Dallas County*, ____ F.4th ____, No. 21-10133, 2023 WL 5316716 (5th Cir. Aug. 18, 2023), the Court does not adopt the portion of Judge Hampton's M&R that holds Rodriguez did not establish an adverse employment action because there was no ultimate employment decision, (Dkt. No. 117 at 49–50). Despite the Fifth Circuit's ruling in *Hamilton*, Rodriguez is not entitled to judgment as a matter of law in her Title VII claim because she was unable to identify a proper comparator and did not overcome the pretext analysis.

Signed on September 4, 2023.

                                                                          **DREW B. TIPTON**
                                       **UNITED STATES DISTRICT JUDGE**