United States District Court
Southern District of Texas
**ENTERED**
December 13, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANNETTE RODRIGUEZ, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00297 |
| CITY OF CORPUS CHRISTI, | § § | |
| Defendant. | § § | |

## MEMORANDUM AND RECOMMENDATION

Now pending is Plaintiff Annette Rodriguez's "Motion for Judicial Review of the Award of Court Costs" (D.E. 127). On September 4, 2023, the District Court granted summary judgment in favor of Defendant the City of Corpus Christi ("the City") on all of Rodriguez's claims. (D.E. 122). Rodriguez's appeal is pending before the Fifth Circuit. On September 12, 2023, the City entered a bill of costs totaling $10,934.75. (D.E. 126). In her present motion, Rodriguez contends that these costs are unduly burdensome, improperly include expenses from process server fees and unnecessary video depositions, and should be deferred until the Fifth Circuit's decision on appeal. The City has responded. (D.E. 131). For the reasons discussed further below, it is recommended that Rodriguez's motion (D.E. 127) be **GRANTED IN PART and DENIED IN PART**.

### I. BILL OF COSTS

The City submitted a bill of costs totaling $10,934.75, consisting of: (1) $189 arising from fees for service of summons and subpoena; (2) $10,705.75 arising from fees for

printed or electronically recorded transcripts necessarily obtained for use in the case; and (3) $40 arising from fees for witnesses. (D.E. 126 at 1). More specifically, the $10,705.75 included, among other fees: (1) $1,865 for a video deposition of Rodriguez; (2) $963.75 for a video deposition of Rodriguez's expert witness Luis Wilmot; and (3) $953.75 for a video deposition of Rodriguez's expert witness Patty Jahn. (*Id.* at 3). The $189 from fees for service of summons and subpoena consisted of the process-server fee for Wilmot. (*Id.*). Rodriguez's present motion challenges the combined $3,971.50 from the video depositions and process-server fee.

## II. DISCUSSION

In her motion, Rodriguez first argues that taxing costs against her would be unduly burdensome. (D.E. 127 at 2). Second, she contends that the City obtained video recordings of the depositions only for its own convenience and that they were unnecessary for use in the case. (*Id.*). Third, Rodriguez asserts that it is improper for her to be ordered to pay for Wilmot's process server fee. (*Id.* at 3-4). Finally, she argues that the Court should defer the taxing of costs until after the Fifth Circuit's decision on appeal. (*Id.* at 4).

The City first responds that a lack of resources does not protect a party from liability for costs and that, regardless, Rodriguez has provided no evidence that she would be unable to pay for costs. (D.E. 131 at 1-2). Second, the City argues that the imposition of costs should not be deferred and that Rodriguez has not provided any reasons why it should be. (*Id.* at 2-3). Third, The City contends that the video deposition expenses are properly taxed because the City anticipated credibility issues related to Rodriguez, Wilmot, and Jahn at

trial. (*Id.* at 4-5). Further, the City argues that there was no guarantee that Wilmot and Jahn would appear live if the case went to trial, and both live over 100 miles from Corpus Christi, meaning their depositions could have been used instead of live testimony. (*Id.* at 5-6). Finally, the City withdraws the requested costs for the process-server fee. (*Id.* at 6).

Rodriguez did not file a reply.

Generally, costs other than attorney's fees are allowed to the prevailing party. Fed. R. Civ. P. 54(d). The Court may tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court appointed experts and interpreters. 28 U.S.C. § 1920.

"[O]nce an objection has been raised [to a bill of costs], the party seeking costs bears the burden of verifying that the costs were necessarily incurred in the case." *Baisden v. I'm Ready Productions, Inc.*, 793 F. Supp. 2d 970, 973 (S.D. Tex. 2011). However, a court may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (internal quotation marks omitted). "A district court has the discretion to refuse to award costs to the prevailing party when it would be inequitable under all the circumstances in the case to do so." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 836 (6th Cir. 2005) (internal quotation marks omitted). A losing party's inability to pay is an appropriate

3

factor to consider when determining whether to assess taxable costs. *Gomez v. Massey*, No. 3:18-CV-00348, 2020 WL 2104700, at *3 (S.D. Tex. Apr. 23, 2020). The losing party must show both that they brought their claim in good faith and that they have limited financial resources. *Pacheco*, 448 F.3d at 794-95.

Deposition copies are taxable if the copy was necessarily obtained for use in the case. *W. Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs. Co.*, 834 F.2d 1232, 1238 (5th Cir. 1988). A deposition need only be reasonably expected to be used at trial in order to be taxable. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015). The cost of video depositions is properly taxed. *Id.* at 130-31. The statute "authorizes recovery of the cost for both [transcripts and video depositions] so long as, at the time that a transcript was obtained and a video recording were made, each could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery." *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 790 (N.D. Tex. 2014). Uncertainty over whether a witness will be available to testify and a likelihood of credibility issues at trial are sufficient to show that video depositions are necessary. *Faludi v. U.S. Shale Sols., LLC*, No. CV H-16-3467, 2020 WL 2042322, at *3 (S.D. Tex. Apr. 28, 2020). A deposition of a witness may be used for any purpose if "the witness is at a greater distance than 100 miles from the place of trial." Fed. R. Civ. P. 32(a)(4)(B); *Battle ex rel. Battle v. Mem'l Hosp. at Gulfport*, 228 F.3d 544, 554 (5th Cir. 2000).

4

It is within the Court's discretion to defer taxation pending appeal. *Blankenship v. NBCUniversal, LLC*, No. 2:20-CV-000278, 2023 WL 2656763, at *1 (S.D. W. Va. Mar. 27, 2023). There must be adequate grounds to do so. *Garriott v. NCsoft Corp.*, No. A-09-CA-357-SS, 2010 WL 11569447, at *2 (W.D. Tex. Nov. 16, 2010). Reversing an award of costs following a reversal on appeal is not overly difficult. *Id.*

Here, Rodriguez has not shown that she is unable to pay or that taxation of costs should be deferred until after appeal, and the City has met its burden to show that the video depositions could reasonably have been expected to be used during trial or for trial preparation. First, as to taxation of costs being unduly burdensome, Rodriguez only briefly raises this argument in her motion and has not submitted any evidence that she is unable to pay. She bears the burden of showing that she has limited financial resources and has failed to do so. *Pacheco*, 448 F.3d at 794-95. Second, the City has shown that each of the video depositions could reasonably have been expected to be used during trial or for trial preparation. *Plambeck*, 66 F. Supp. 3d at 790. It is undisputed[1] that Wilmot and Jahn live more than 100 miles from the Corpus Christi courthouse, and their deposition testimony therefore could have been used at trial for any purpose. (D.E. 131-3 at 3; D.E. 131-4 at 3); Fed. R. Civ. P. 32(a)(4)(B); *Battle*, 228 F.3d at 554. Further, the City has identified expected credibility issues relating to Rodriguez, Wilmot, and Jahn that could have prompted the use of their video depositions at trial. (D.E. 131-4 at 2-3). Both uncertainty

---

[1] Rodriguez did not reply to the City's response.

5

over whether a witness will be available to testify and possible credibility issues are sufficient to show that video depositions are necessary. *Faludi*, 2020 WL 2042322, at *3.

Finally, Rodriguez has not shown adequate grounds to defer taxation of costs until after appeal. *Garriott*, 2010 WL 11569447, at *2. Other than plainly stating that taxation of costs should be deferred until after appeal, Rodriguez does not provide any grounds for a deferral. (D.E. 127 at 4). A pending appeal, by itself, is not an adequate ground for deferral. *Garriott*, 2010 WL 11569447, at *2.

### III.  RECOMMENDATION

Accordingly, it is recommended that Rodriguez's motion (D.E. 127) be **GRANTED IN PART** and **DENIED IN PART**. It is recommended that costs be taxed in the amount specified in the City's bill of costs, except for a reduction of $189 in process-server fees that the City has now withdrawn from its request.

Respectfully submitted on December 13, 2023.

_____
Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).